FILED
2013 DEC 16  PM 4:45
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

Barbara Langham; Perry L. Langham,
        Plaintiffs,

-vs-                                                          Case No. A-13-CA-835-SS

Bank of America, N.A., A Federally Chartered
Bank also known as FHA; MERS; Wendy
Alexander; Steve Utley; Tobey Latham; Michael
W. Zientz; Mackie Wolf Zientz & Mann, P.C.;
Jane or John Does,
        Defendant.

# ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiffs' Letter and Motion to File Electronically [#4][1]; Defendant Bank of America, N.A.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [#8], and Plaintiffs' Motion to Quash and Deny Defendant's Motion to Dismiss [contained in #9]; Plaintiffs' Motion for Injunction [contained in #9]; Plaintiffs' Motion to Quash and Deny Defendant's Motion to Dismiss [#11]; Plaintiffs' Motion for Injunction [#11]; Defendant's Motion to Strike Amended Complaint [#13]; and Plaintiffs' Motion for Leave to Amend Complaint [#14].  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

---

[1] This motion is GRANTED.

## Background

Plaintiffs Barbara and Perry L. Langham filed their first complaint on September 19, 2013. The Court could not make sense of this disorganized and confusing filing, denied the Plaintiffs their requested relief, and ordered them to file an amended complaint within twenty days. *See* Order of Sept. 23, 2013 [#2]. The Court also advised the Plaintiffs any new filings should clearly state their purpose and requested relief, and should comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Id.*

On October 11, 2013, Plaintiffs filed their Amended Complaint [#5], which was followed by Defendant Bank of America's Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6) [#8]. Plaintiffs then filed their Second Amended Complaint [#9], which also contained Motions to Quash and Deny Defendant's Motion to Dismiss as well as a Motion for an Injunction. Plaintiffs subsequently filed another Motion to Quash and Deny the Motion to Dismiss and a Motion for Injunction [#11]. Bank of America moved to strike Plaintiffs' Second Amended Complaint, and Plaintiffs then moved for leave to file their Second Amended Complaint.

## Analysis

In short, Plaintiffs' filings wholly lack any clear explanation of the facts underlying the dispute, any clear statement of any actual claim they might have, or any relief they might legally be entitled to. The Court deduces this dispute arises out of foreclosure proceedings instituted by Defendants against Plaintiffs, but this fact is hardly obvious from Plaintiffs' filings.

First, there was the original complaint, which the Court dismissed, ordering the Plaintiffs to file an amended complaint providing a factual basis for whatever claims they might have. Plaintiffs'

first amended complaint was barely an improvement upon the first complaint and made a wide variety of allegations the Court has trouble understanding. For instance, Plaintiffs asserts Defendants have "unjustifiably entered or trespassed on PLAINTIFFS personal property, title, or estate without permission in violation of Public Law 109-13, the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005 (aka: REAL ID Act); even if no damage has been done, PLAINTIFF maintains an action in trespass to land, slander of Title, and Defamation of Character." 1st Am. Compl. [#5], at 2. At other points, Plaintiffs seem to be arguing Defendants have no authority to take any legal action against the property being foreclosed on because they never entered into a mortgage loan agreement with the Defendants. Furthermore, Plaintiffs complain Defendants are third party debt collectors who purchased Plaintiffs' private information unlawfully and committed the criminal act of barratry. *Id.* at 5. Plaintiffs also allege they have "suffered economic injury due to Identity Theft, Lack of Notice and/or Non-Disclosure actions by named DEFENDANTS and/or by DEFENDANTS' reliance on presumed third parties, and/or third party information without prior authorization from PLAINTIFF." *Id.* at 6.

Ignoring for now the merits of any of Plaintiffs' claims, the core problem is they provide no facts upon which to base any of their allegations. The Court has little idea what they are talking about; there is no factual context in which to understand their conclusory statements about identity theft, trespass to land, slander, defamation, barratry, and whatever else they are contending.

Defendant Bank of America moved to dismiss this first amended complaint for failing to meet basic pleading standards. In the alternative, Bank of America argues Plaintiffs have failed to state a claim with respect to any of their causes of action.

Plaintiffs filed a Second Amended Complaint [#9], which also contained Motions to Quash and Deny the motion to dismiss as well as a Motion for Injunction. In this Second Amended Complaint, Plaintiffs allege three causes of action: (1) invasion of privacy, (2) fraud, and (3) trespass on real property. 2d Am. Compl. [#9], at 3. Defendants moved to strike the Second Amended Complaint based on a failure to comply with Federal Rule of Civil Procedure 15. Plaintiffs subsequently filed for leave to file their Second Amended Complaint. Because this Second Amended Complaint suffers from the same infirmities as Plaintiffs' other filings, and because allowing this Second Amended Complaint will not change the outcome of the Court's order on Defendant's Motion to Dismiss, the Court sees no harm in permitting Plaintiffs to file their Second Amended Complaint. Therefore, Defendant's Motion to Strike Amended Complaint [#13] is DENIED, and Plaintiffs' Motion for Leave to Amend Complaint [#14] is GRANTED.

I.   **Defendant's Motion to Dismiss**

A.   **Rule 12(b)(6)—Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory

allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**B.     Application**

As discussed above, in none of Plaintiffs filings do they plead sufficient factual content which would allow this Court to draw the reasonable inference the Defendants are liable for the misconduct alleged. Simply put, they do not meet the basic pleading standards of Federal Rule of Civil Procedure 8, much less *Iqbal* and *Twombly*.

For instance, in the Second Amended Complaint, Plaintiffs contend Defendants have committed fraud and have no authority to take any legal action with respect to the property because Plaintiffs never entered into a contract with Defendants. 2d Am. Compl. [#9], at 4. Plaintiffs demand to see the Note with "wet ink" signatures. Mem. of Law in Supp. of Compl. [#10], at 3. But to support Plaintiffs' fraud claims, they merely state, "DEFENDANT made fraudulent material

representations to PLAINTIFF," without identifying the nature of the misrepresentations. Moreover, even if Plaintiffs supplied some factual detail to support this fraud claim, the "wet ink," show-me-the-note theory has been expressly rejected by the Fifth Circuit. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–54 (5th Cir. 2013).

In short, Plaintiff's Second Amended Complaint and the Memorandum in Support consist of a series of disjointed and conclusory allegations along with a laundry list of "maxims," and nowhere do the Plaintiffs plead facts sufficient to satisfy Federal Rule of Civil Procedure 8(a) or the pleadings standards of *Iqbal* and *Twombly*. Therefore, the Court GRANTS Defendant's Motion to Dismiss.

## II.   Motion for Injunction

To the extent Plaintiffs are requesting temporary relief from the Court, the Court may only issue a temporary restraining order if the movant establishes: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). Because restraining orders and preliminary injunctions are extraordinary remedies, the movant must "clearly carr[y] the burden of persuasion on all four requirements." *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (internal quotation marks omitted).

Plaintiffs have failed to plead facts sufficient to support a claim and have failed to state a claim upon which relief can be granted. Clearly, then, Plaintiffs have not established a substantial

likelihood of success on the merits nor have they met any of the other requirements necessary for the issuance a temporary restraining order.

## Conclusion

Accordingly,

    IT IS ORDERED that Plaintiffs' Letter and Motion to File Electronically [#4] is GRANTED;

    IT IS FURTHER ORDERED that Defendant Bank of America, N.A.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [#8] is GRANTED;

    IT IS FURTHER ORDERED that Plaintiffs' Motion to Quash and Deny Defendant's Motion to Dismiss [contained in #9] is DENIED;

    IT IS FURTHER ORDERED that Plaintiffs' Motion for Injunction [contained in #9] is DENIED;

    IT IS FURTHER ORDERED that Plaintiffs' Motion to Quash and Deny Defendant's Motion to Dismiss [#11] is DENIED;

    IT IS FURTHER ORDERED that Plaintiffs' Motion for Injunction [#11] is DENIED;

    IT IS FURTHER ORDERED that Defendant's Motion to Strike Amended Complaint [#13] is DENIED;

    IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to Amend Complaint [#14] is GRANTED;

    IT IS FURTHER ORDERED that Plaintiffs' claims against Defendants are DISMISSED WITHOUT PREJUDICE;

IT IS FINALLY ORDERED that Plaintiffs are WARNED if they file any further claims that are equally frivolous, the Court will consider imposing Federal Rule of Civil Procedure 11 sanctions and holding them personally liable for the Defendants' attorneys' fees incurred as a result of the frivolous filing.

SIGNED this the __16th__ day of December 2013.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE